UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN WALDEN,

                   Plaintiff,

          -against-

THE CITY OF NEW YORK AND
MUNICIPALITY OF NEW YORK COUNTY;
DISTRICT ATTORNEY OFFICE OF NEW
YORK CITY; DISTRICT ATTORNEY CYRUS
R. VANCE, JR.; ASSISTANT DISTRICT
ATTORNEY SHILPA KALRA; CITY OF NEW
YORK POLICE DEPARTMENT; DETECTIVE
JAMES MEEHAN, SHIELD # 6445;
DETECTIVE STEVE STANLEY, SHIELD #
3554, IN THEIR OFFICIAL CAPACITY &
INDIVIDUAL CAPACITY,

                 Defendants.

21-CV-0785 (LTS)

ORDER TO SHOW CAUSE UNDER
28 U.S.C. § 1915(g) OR PAY THE $52.00
ADMINISTRATIVE FEE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a prisoner in Orleans Correctional Facility, filed this action *pro se,*
seeking *in forma pauperis* (IFP) status. To proceed with a civil action in this Court, a prisoner
must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to
request authorization to proceed IFP, that is, without prepayment of fees, submit a signed IFP
application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915.

The Court granted Plaintiff's request to proceed IFP by order dated June 15, 2021, (ECF
No. 6.), and on June 24, 2021, Plaintiff tendered the $350.00 filing fee. A review of Plaintiff's
litigation history revealed that Plaintiff has filed three civil actions, while a prisoner, and those
actions were dismissed on the grounds that they were frivolous, malicious, or failed to state a
claim upon which relief may be granted. The Court therefore directs Plaintiff to show cause by
declaration why the Court should not vacate the order granting Plaintiff's request to proceed IFP

under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision.

Alternatively, because a plaintiff who is barred under section 1915(g) may bring a new civil

action by prepaying the full $402.00 in fees – the $350.00 filing fee plus a $52.00 administrative

fee – Plaintiff  may tender the additional $52.00 administrative fee to bring this action without a

filing fee waiver.

## PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to

the IFP statute:

> In no event shall a prisoner bring a civil action…under this section if the prisoner
> has, on 3 or more prior occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States that was dismissed on
> the grounds that it is frivolous, malicious, or fails to state a claim upon which
> relief may be granted, unless the prisoner is under imminent danger of serious
> physical injury.

§ 1915(g). The Court finds that Plaintiff has accumulated three strikes under the PLRA, and he is

therefore barred under § 1915(g) from filing any actions IFP. *See Walden v The City of New York*

*and Municipality of New York Cnty.*, ECF 1:20-CV-9360, 6 (S.D.N.Y. Dec. 18, 2020) (dismissing

action for failure to state a claim on which relief may be granted, for seeking monetary relief

from defendants who are immune from such relief, and as frivolous); *Walden v. Cuomo*, ECF

1:19-CV-6779, 13 (S.D.N.Y. Sept. 24, 2019) (dismissing action pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i)-(iii)); *Walden v. The New York Cnty. Dist. Attys. Office*, ECF 1:17-CV-9370, 9

(S.D.N.Y. Jan. 3, 2018) (dismissing action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii)).

Because Plaintiff is barred under § 1915(g), unless he is "under imminent danger of serious

physical injury," he must pay the $402.00 in filing fees.

Plaintiff does not allege any facts suggesting that he is in imminent danger of serious

physical injury.[1] Instead, Plaintiff alleges that in 2015, he was

> kidnap[ped] by the City of New York and Municipality of New York City, and
> illegally search[ed] and falsely arrested and unlawfully detained, without probable
> cause and without a felony complaint or True Bill of Indictment ever being filed
> with the Court, and without ever being arraigned and charge[d] with a[n] element
> of a crime. In violation of my 4th, 5th, 6th, 8th, and 14th, Amendment of the Due
> Process Clause of the United States C[o]nstitution. I am falsely incarcerated at
> Orleans Correctional Facility 3531 Gaines Basin Road, Albion N.Y. 14411.

(ECF No. 4 at 1.)

## NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the

Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d

108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important

role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the

court may overlook valid answers to its perception of defects in the plaintiff's case," and

prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit

a declaration showing that, while he has been a prisoner, he has not filed three or more actions or

appeals that were dismissed as frivolous, malicious, or for failure to state a claim on which relief

may be granted. Plaintiff must submit this declaration within thirty days. If Plaintiff does not

make this showing, or if he fails to respond to this order, the Court will vacate the order granting

Plaintiff's request to proceed IFP, and bar Plaintiff from filing future civil actions IFP while he is

a prisoner.

---

[1] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

# CONCLUSION

The Court directs Plaintiff to show cause why the Court should not vacate the order granting his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within thirty days explaining any reason why he should not be barred under the PLRA. A declaration form is attached to this order for Plaintiff's convenience. If, however, Plaintiff chooses to proceed with this action by tendering the filing fees, he must tender the additional $52.00 administration fee within thirty days of the date of this order. If Plaintiff does not show cause, or pay the $52.00 administrative fee, the Court will (1) direct the Clerk of Court to refund Plaintiff $350.00, (2) vacate the order granting Plaintiff's request to proceed IFP, (3) dismiss this action without prejudice, and (4) bar Plaintiff under § 1915(g) from filing future civil actions IFP while he is a prisoner. If Plaintiff pays the $52.00 administrative fee and does not show cause, the case shall be processed in accordance with the procedures of the Clerk's Office, but Plaintiff will still be barred under § 1915(g) from filing future civil actions IFP while he is a prisoner.[2]

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[2] The complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    June 28, 2021
          New York, New York

_/s/ Laura Taylor Swain_
LAURA TAYLOR SWAIN
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____
Executed on (date)

_____
Signature

_____
Name

_____
Prison Identification # (if incarcerated)

_____
Address                          City                    State          Zip Code

_____
Telephone Number (if available)

_____
E-mail Address (if available)