UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN WALDEN,

                Plaintiff,

-against-

THE CITY OF NEW YORK AND MUNICIPALITY OF NEW YORK COUNTY; DISTRICT ATTORNEY OFFICE OF NEW YORK CITY; DISTRICT ATTORNEY CYRUS R. VANCE, JR.; ASSISTANT DISTRICT ATTORNEY SHILPA KALRA; CITY OF NEW YORK POLICE DEPARTMENT; DETECTIVE JAMES MEEHAN, SHIELD # 6445; DETECTIVE STEVE STANLEY, SHIELD # 3554, IN THEIR OFFICIAL CAPACITY & INDIVIDUAL CAPACITY,

                Defendants.

21-CV-0785 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIIN, Chief United States District Judge:

      Plaintiff John Walden, who is currently incarcerated in Orleans Correctional Facility, brings this *pro se* action under 42 U.S.C. §1983, alleging that Defendants violated his constitutional rights. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## PROCEDURAL HISTORY

By order dated June 15, 2021, the Court granted Plaintiff's request to proceed without prepayment of the filing fees, or "*in forma pauperis*." (IFP) (ECF No. 6.) On June 24, 2021, however, Plaintiff paid the $350.00 filing fee. He did not pay the $52 administrative fee that is also required to commence an action.

A subsequent review of Plaintiff's litigation history revealed that Plaintiff had filed three civil actions, while a prisoner, and that those actions were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. It therefore appeared that Plaintiff is barred under the three-strikes provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), from proceeding IFP unless he is imminent danger of serious physical injury. Plaintiff may have paid the $350 filing fee for that reason.

Because Plaintiff did not allege any facts suggesting that he is in imminent danger of serious physical injury, by order dated June 28, 2021, the Court directed Plaintiff to show cause why it should not vacate the order granting Plaintiff's request to proceed IFP.[1] The Court granted Plaintiff the opportunity, in the alternative, to pay the additional $52.00 administrative fee to bring this action.

In response to the Court's June 28, 2021 order, Plaintiff paid the $52.00 administrative fee. The Court therefore reviews Plaintiff's complaint under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## BACKGROUND

Plaintiff alleges:

> I have been kidnap[ped] by the City of New York and Municipality of New York City, and illegally search[ed] and falsely arrested and unlawfully detained, without probable cause and without a felony complaint or True Bill of Indictment ever being filed with the Court, and without ever being arraigned and charge[d] with a[n] element of a crime. In violation of my 4th, 5th, 6th, 8th, and 14th, Amendment of the Due Process Clause of the United States C[o]nstitution. I am

---

[1] The fact that Plaintiff was able to pay $350 in fees also suggests that he would not otherwise be entitled to IFP status. *See* 28 U.S.C. § 1915(a)(1) (requiring plaintiff to show ("that [he] is unable to pay such fees or give security therefor").

falsely incarcerated at Orleans Correctional Facility 3531 Gaines Basin Road, Albion N.Y. 14411.

(ECF No. 4 at 1.) Plaintiff seeks monetary damages and immediate release.

A review of the Public Access to Court Electronic Records (PACER) system reveals that Plaintiff has brought three prior actions in this Court, challenging the same arrest and conviction. *See Walden v. The City of New York and Municipality of New York Cnty.*, ECF 1:20-CV-9360, 6 (S.D.N.Y. Dec. 21, 2020) ("*Walden I*") (action dismissed for failure to state a claim on which relief may be granted, for seeking monetary relief from defendants who are immune from such relief, and as frivolous); *Walden v. Cuomo*, ECF 1:19-CV-6779, 13 (S.D.N.Y. Sept. 24, 2019) ("*Walden II*") (action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)); *Walden v. The New York Cnty. Dist. Attys. Office*, ECF 1:17-CV-9370, 9 (S.D.N.Y. Jan. 3, 2018) ("*Walden III*") (action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii)).

In *Walden III*, Plaintiff filed an amended complaint (*Walden III*, ECF No. 13) after the United States Court of Appeals for the Second Circuit dismissed his appeal by Mandate issued on April 16, 2018. (*Walden III*, ECF No. 12). In *Walden I*, Plaintiff filed an amended complaint after that case was dismissed (*Walden I*, ECF No. 8), and by order dated January 29, 2021, the Court dismissed Plaintiff's amended complaint for the same reasons stated in the Court's December 21, 2020 order. (*Walden I*, ECF No. 9.)

On January 28, 2021, Plaintiff filed this action, naming the same Defendants as named in *Walden I*, again challenging his 2015 arrest and subsequent conviction.

## DISCUSSION

**A.     The Doctrine of *Res Judicata* or Claim Preclusion**

Any claims Plaintiff may be seeking to raise in this complaint are barred by the doctrine of *res judicata* or claim preclusion. Under the doctrine of claim preclusion, also known as "*res*

*judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that

5

"principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here. Plaintiff previously filed three actions in this Court against Defendants that were based on the same events that Plaintiff describes in this complaint. Those previous actions were adjudicated on the merits. A "dismissal for failure to state a claim operates as 'a final judgment on the merits and thus has *res judicata* effects.'" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)).

Because Plaintiff's present claims arise out of the same transactions and occurrences that were the subject of previous actions in this Court, these claims are barred by the doctrine of claim preclusion.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**B.      Warning**

As stated in the Court's June 28, 2021 order, Plaintiff has accumulated three strikes under the PLRA, and he is therefore barred under § 1915(g) from filing any actions IFP. (ECF No. 8.)

Furthermore, in light of Plaintiff's litigation history, the Court finds that he was or should have been aware when he filed this case that his claims are duplicative or lack merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is therefore warned that the Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

## CONCLUSION

Plaintiff's complaint is dismissed as barred by the doctrine of claim preclusion. Plaintiff's request for injunctive relief is denied as moot.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 9, 2021
         New York, New York

                                     /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                                     Chief United States District Judge