UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN WALDEN,

                Plaintiff,

-against-

THE CITY OF NEW YORK AND MUNICIPALITY OF NEW YORK COUNTY; DISTRICT ATTORNEY OFFICE OF NEW YORK CITY; DISTRICT ATTORNEY CYRUS R. VANCE, JR.; ASSISTANT DISTRICT ATTORNEY SHILPA KALRA; CITY OF NEW YORK POLICE DEPARTMENT; DETECTIVE JAMES MEEHAN, SHIELD # 6445; DETECTIVE STEVE STANLEY, SHIELD # 3554, IN THEIR OFFICIAL CAPACITY & INDIVIDUAL CAPACITY,

                Defendants.

21-CV-0785 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. By order dated June 15, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of the filing fees. (ECF No. 6.) On June 24, 2021, however, Plaintiff paid the $350.00 filing fee, but he did not pay the $52 administrative fee that is also required to commence a federal civil action in this Court.

      A subsequent review of Plaintiff's litigation history revealed that Plaintiff had filed three civil actions, while a prisoner, and that those actions were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. It therefore appeared that Plaintiff was barred under the three-strikes provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), from proceeding IFP unless he was imminent danger of serious physical injury. Plaintiff may have paid the $350 filing fee for that reason.

Because Plaintiff did not allege any facts suggesting that he was in imminent danger of serious physical injury, by order dated June 28, 2021, the Court directed Plaintiff to show cause why it should not vacate the order granting Plaintiff's request to proceed IFP. (ECF No. 8.) The Court granted Plaintiff the opportunity, in the alternative, to pay the additional $52.00 administrative fee to bring this action. In response to the Court's June 28, 2021 order, Plaintiff paid the $52.00 administrative fee. The Court therefore reviewed Plaintiff's complaint under 28 U.S.C. § 1915A, which requires the Court to dismiss any civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

By order dated August 9, 2021, the Court: (1) dismissed Plaintiff's complaint as barred by the doctrine of claim preclusion; (2) reiterated the Court's finding in its June 28, 2021 order that, because Plaintiff has accumulated three strikes under the PLRA, he is therefore barred under section 1915(g) from filing any actions IFP; and (3) warned Plaintiff that the Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement). (ECF No. 11.)

On August 24, 2021 Plaintiff filed a "Letter Motion Federal §59(e)," challenging the Court's August 9, 2021 order.

The Court liberally construes this submission as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v.*

*Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

3

>(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF No. 13) is denied.

Plaintiff's case in this Court under Docket No. 21-CV-0785 (LTS) is closed. The Court will only accept for filing documents that are directed to the Second Circuit Court of Appeals. If

4

Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why he should not be barred from filing further documents in this action.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 25, 2021
         New York, New York

                                                 /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                            Chief United States District Judge